# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOR AHMADD BISHOP, | No. 2:20-cv-2032-EFB P |
| Plaintiff, | |
| v. | ORDER |
| G. DODSON, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis. ECF No. 2.

## Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Screening Order

Plaintiff's complaint (ECF No. 1) includes the following allegations: On June 1, 2020, correctional officer Dodson cracked open plaintiff's cell door. Plaintiff was talking to a porter and went to pick up a can of soda from the ground. Dodson, acting with "a lack of awareness," slammed the door shut, causing injuries to plaintiff's hand. ECF No. 1 at 3. The porter to whom plaintiff was speaking had to notify Dodson of his "mistake." *Id.* Plaintiff was in extreme pain but did not receive medical attention for ten days, by which time his finger had become infected and required twelve staples. Plaintiff attributes this, in part, to the "negligence" of nurse Saji, but does not specify what Saji did or failed to do in response to plaintiff's requests for medical attention. *Id.* at 6. Plaintiff turned to the administrative appeals process for relief, but correctional counselor Jacinto interfered by 1) reading plaintiff's appeal, and 2) delaying the mailing of plaintiff's appeal by six days. *Id.* at 5. Plaintiff asserts Eighth Amendment claims of deliberate indifference and First and Fourteenth Amendment claims of being denied his right to petition the government and for having his mail read. As discussed below, the allegations are not sufficient to survive screening.

With respect to Dodson, plaintiff has failed to sufficiently allege that he acted with the deliberate indifference required for an Eighth Amendment claim. For such a claim to proceed, Dodson must have been aware that closing plaintiff's cell door exposed plaintiff to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Instead, plaintiff has alleged that Dodson made a "mistake" and was simply not aware. These allegations suggest that Dodson did not act with a culpable state of mind, and thus, do not rise to the level of a constitutional violation.

With respect to Saji, plaintiff has failed to state a claim of deliberate indifference to medical needs in violation of the Eighth Amendment. "Prison officials are indifferent to prisoners' serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hamilton v. Endell*, 981 F.2d 1062, 1066 (9th Cir. 1992). Plaintiff falls short of stating such a claim because 1) he has failed to allege what Saji did or did not do to violate his rights, and 2) he labels the claim as one of "medical negligence." ECF No. 1 at 6. The required

3

1  indifference for an Eighth Amendment claim must be substantial; mere malpractice, or even gross
2  negligence, does not constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97,
3  106 (1976).

4  With respect to Jacinto, plaintiff has not stated a claim based on the isolated incident of
5  reading and delaying the mailing of plaintiff's administrative appeal. *See Davis v. Goord*, 320
6  F.3d 346, 351 (2d. Cir. 2003) (holding that "an isolated incident of mail tampering is usually
7  insufficient to establish a constitutional violation."); *Smith v. Maschner*, 899 F.2d 940, 944 (10th
8  Cir. 1990) (holding that an isolated incident of mail interference, absent any evidence of improper
9  motive, does not give rise to a constitutional violation); *Watkins v. Curry*, 2011 U.S. Dist. LEXIS
10 123356, 2011 WL 5079532, at *3 (N.D. Cal. Oct. 25, 2011) (citing *Lingo v. Boone*, 402 F. Supp.
11 768, 773 (C.D. Cal. 1975) ("Absent evidence of a broader plan or course of conduct to censor
12 plaintiff's mail unconstitutionally, an honest error by prison officials does not justify relief under
13 § 1983.")). Further, there are no constitutional requirements regarding how a grievance system is
14 operated, even if plaintiff claims that Jacinto interfered with the proper processing of his appeal.
15 *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Buckley v. Barlow*, 997 F.2d 494, 495
16 (8th Cir. 1993).

17                                    Leave to Amend

18  Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an
19 amended complaint it should observe the following:

20  Any amended complaint must identify as a defendant only persons who personally
21 participated in a substantial way in depriving him of a federal constitutional right. *Johnson v.*
22 *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a
23 constitutional right if he does an act, participates in another's act or omits to perform an act he is
24 legally required to do that causes the alleged deprivation). The complaint should also describe,
25 in sufficient detail, how each defendant personally violated or participated in the violation of his
26 rights. The court will not infer the existence of allegations that have not been explicitly set forth
27 in the amended complaint.
28  /////

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

<u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;
3. Plaintiff's complaint is dismissed with leave to amend within 30 days from the date of service of this order; and
4. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: October 23, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE