UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOR AHMADD BISHOP, | No.  2:20-cv-2032-EFB P |
| Plaintiff, | |
| v. | ORDER |
| G. DODSON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983.  After dismissal of his initial complaint (ECF No. 6), plaintiff has filed an amended complaint (ECF No. 13), which is screened below.[1]

The allegations in the amended complaint do not materially differ from those in the original complaint.  Plaintiff again alleges that correctional officer Dodson injured plaintiff's hand by opening and closing plaintiff's cell door because Dodson "failed to be aware."  ECF No. 13 at 3.  The court previously informed plaintiff that for Dodson's conduct to rise the level of an Eighth Amendment violation, Dodson's acts must have been more than mere negligence.

---

[1] Congress mandates that district courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

1

1  Plaintiff must show that Dodson acted with deliberate indifference to the risk of harm to plaintiff.
2  That is, Dodson must have been aware that closing plaintiff's cell door exposed plaintiff to a
3  substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The
4  amended allegations – that Dodson was not aware – undercut the viability of such a claim.

5  Plaintiff also alleges that Dodson failed to properly address the situation because he did
6  not prepare an injury report. To transform this into a constitutional claim, plaintiff must plead
7  more facts. For example, did Dodson know that he had injured plaintiff's hand? If so, was it
8  obvious that plaintiff needed medical attention? If he did need medical attention, was it an
9  emergency? Did Dodson's failure to prepare a report exacerbate plaintiff's injury? Unless
10 plaintiff can show that in failing to prepare an incident report Dodson acted with deliberate
11 indifference to a substantial risk of serious harm to plaintiff, plaintiff fails to state a cognizable
12 federal claim.

13 Plaintiff's next claim alleges "malpractice" on the part of nurse J. Saji.[2] ECF No. 13 at 4.
14 Plaintiff claims he requested medical care every day but was not seen by Saji until June 3 or 4,
15 2020 (two to three days after the June 1 injury). Plaintiff does not allege the Saji was responsible
16 for the two to three-day delay. But even if he did, he has not alleged that Saji knowingly caused
17 the delay for the purpose of causing plaintiff harm. Plaintiff also claims that the pain medication
18 provided by Saji was inadequate, but again, does not allege that Saji knowingly prescribed an
19 inadequate medication with a culpable state of mind. Plaintiff also complains that Saji failed to
20 properly coordinate a treatment plan and minimized plaintiff's injury to cover up liability. These
21 conclusory allegations, however, cannot survive screening. For example, plaintiff fails to specify
22 what was lacking in Saji's treatment plan or how Saji disregarded a known risk of harm to

---

[2] To the extent plaintiff intends to allege a medical malpractice claim under California law, he fails to do so because the complaint fails to allege compliance with the California Torts Claims Act. The Act requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). When a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. *Shirk v. Vista Unified Sch. Dist.,* 42 Cal. 4th 201, 209 (2007).

plaintiff. To the contrary, the allegations suggest that Saji was attentive to plaintiff's injury, observing on June 12 that the injury had become infected and referring plaintiff to a doctor.

Plaintiff's final claim is that defendants Dodson and Jacinto interfered with plaintiff's administrative appeal by reading and/or delaying the mailing of plaintiff's appeal. The court previously informed plaintiff these allegations could not survive screening:

> With respect to Jacinto, plaintiff has not stated a claim based on the isolated incident of reading and delaying the mailing of plaintiff's administrative appeal. *See Davis v. Goord*, 320 F.3d 346, 351 (2d. Cir. 2003) (holding that "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (holding that an isolated incident of mail interference, absent any evidence of improper motive, does not give rise to a constitutional violation); *Watkins v. Curry*, 2011 U.S. Dist. LEXIS 123356, 2011 WL 5079532, at *3 (N.D. Cal. Oct. 25, 2011) (citing *Lingo v. Boone*, 402 F. Supp. 768, 773 (C.D. Cal. 1975) ("Absent evidence of a broader plan or course of conduct to censor plaintiff's mail unconstitutionally, an honest error by prison officials does not justify relief under § 1983.")). Further, there are no constitutional requirements regarding how a grievance system is operated, even if plaintiff claims that Jacinto interfered with the proper processing of his appeal. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

ECF No. 6 at 4.

Based on the foregoing, plaintiff's amended complaint is dismissed for failure to state a claim upon which relief could be granted, with one final opportunity to amend.

Accordingly, IT IS ORDERED that:

1. Plaintiff's amended complaint (ECF No. 13) is DISMISSED with leave to amend within 30 days from the date of service of this order; and

2. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: February 4, 2021.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3